UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| MICHAEL R. LITTLE, | ) |
| | ) |
| Plaintiff, | )   Civil Action No. 6: 15-134-GFVT |
| | ) |
| V. | ) |
| | ) |
| A. HUBBARD, et al., | )   **MEMORANDUM OPINION** |
| | )   **&** |
| Defendants. | )   **ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Michael R. Little is currently confined at the United States Penitentiary in Lewisburg, Pennsylvania. Proceeding *pro se*, Little filed a civil rights complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against the three Defendants based on various incidents that occurred in 2013 and 2014 when he was incarcerated at the United States Penitentiary – McCreary in Pine Knot, Kentucky. [R. 1]. Little has filed a motion to proceed *in forma pauperis* [R. 6], a motion for "pro bono program" [R. 3], a motion to supplement his complaint [R. 4], and an amended complaint. [R. 8.] The Court will consider each of Little's motions in turn, and then will conduct a preliminary review of his complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

I

A

First, the Court considers Little's motion to proceed *in forma pauperis*. [R. 6.] As required by the Court's Order of August 18, 2015 [R. 2], Little has filed a request to pay the $350.00 filing fee in installments pursuant to 28 U.S.C. § 1915(a). After reviewing Little's

motion [R. 6], the Court GRANTS his request on the terms established by 28 U.S.C. § 1915(b). The Court notes that, because Little has been granted *pauper* status in this proceeding, the $50.00 administrative fee is waived.  *See* District Court Miscellaneous Fee Schedule, § 14.[1]

**B**

Shortly after the filing of the complaint, Little filed a motion seeking "admission of pro bono program" so that he "may prove and litigate case with counsel properly."  [R. 3.]  The Court construes this motion as a request for the appointment of counsel.

The Court appoints counsel to represent a *pro se* party in civil litigation only in exceptional circumstances.  28 U.S.C. § 1915(e)(1); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).  Courts considering a *pro se* party's request for counsel may consider factors such as the complexity of the case, *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); the ability of the plaintiff to represent himself competently, *Lanier*, 332 F.3d at 1006; and the movant's likelihood of success on the merits of the claim, *Cleary v. Mukaskey*, 307 F. App'x 963, 965 (6th Cir. 2009).  In this case, the Plaintiff cannot succeed on the merits because his claims are time-barred.  *See* discussion at III-B, *supra*.  Therefore, this is not a case that warrants the appointment of counsel at the expense of federal taxpayers.  Little's motion for counsel [R. 3] is accordingly DENIED.

**C**

In addition to the two motions discussed above, Little has filed a motion to supplement his complaint [R. 4], as well as an amended complaint.  [R. 8.]  Little's motion to supplement seeks to add an additional party, as well as several new allegations, to the litigation.  Little

---

[1] Little previously sent a check for $350.00 to pay the filing fee; however, the Clerk of the Court returned this check to Little because, absent court permission to proceed *in forma pauperis*, the filing and administrative fees total $400.00.  [*See* R. 5].

2

indicates that he filed the amended complaint at Docket Entry 8 because the new party identified in his motion to supplement was not immediately added to the docket sheet. [R. 8 at 1.] Little is entitled to amend his complaint once as a matter of right because the Defendants have yet to be served with process. *See* Fed. R. Civ. P. 15(a)(1)(B). Therefore, Little's amended complaint is properly filed. Because the allegations and claims contained in Little's motion to supplement are redundant to those set forth in his amended complaint, the Court DENIES his motion to supplement the complaint [R. 4] AS MOOT.

## II

Because Little has been granted permission to pay the filing fee in installments and because he asserts claims against government officials, the Court conducts a preliminary review of his complaint. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Because Little is proceeding *pro se*, the Court evaluates his complaint under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage in the proceedings, the Court accepts the plaintiff's factual allegations as true, and all legal claims are also liberally construed in his favor. *Ashland, Inc. v. Oppenheimer & Co., Inc.*, 648 F.3d 461, 467 (6th Cir. 2011).

### A

In his complaint, Little takes issue with several alleged incidents that occurred while he was incarcerated at the United States Penitentiary – McCreary in Pine Knot, Kentucky, in 2013 and 2014. First, Little alleges that on December 24, 2013, Officer Hubbard issued an incident report against him for openly masturbating in his cell while she completed her rounds. Little

states that, two days later, the incident report was expunged when a videotape demonstrated that Hubbard had fabricated the charge. Little alleges that, after Hubbard issued the report on December 24, 2013, Officer Middleton threatened him as he was removed from his cell and placed in segregation. Little claims that Middleton told other inmates that he was a "snitch," and that, as a result, he was attacked by other inmates on December 28, 2013. [R. 1 at 1; R. 1-1 at 1-2; R. 8 at 2-3.]

Little filed an inmate grievance #771311-F1 related to the December assault on February 28, 2014. [R. 1 at 4.] That grievance did not concern the assault itself, but instead argued that Bureau of Prisons ("BOP") staff refused to give Little grievance forms after the assault occurred. [R. 1-2 at 1-2.] After the Warden denied the grievance, Little alleges that Officer Buster destroyed an appeal Little tried to file with the regional office on or about April 3, 2014. [R. 8 at 1.] Little also states that, following his transfer to United States Penitentiary – Lewisburg in May 2014, another officer refused to provide him with grievance or appeal forms, and/or destroyed the new grievances he attempted to file. [R. 1 at 4-5.]

Finally, Little alleges that Warden Holland failed to act in December 2013 when he received informal grievances explaining that Middleton had labeled Little as a "snitch" to other inmates. Little also argues Holland failed to act in May 2014 when he received letters from Little explaining that Officer Buster had destroyed his appeals and requesting authorization for an extension of time to file an appeal with the regional office. [R. 8 at 2-3.] Overall, Little claims these actions of the Defendants violated his constitutional rights under the First, Fifth, and Eighth Amendments.

Before filing suit with this Court, Little filed a *Bivens* action in the United States District Court for the Middle District of Pennsylvania. In that action, he claimed that BOP officials at

United States Penitentiary – Lewisburg were failing to adequately protect him because he had been labeled a snitch. *See Little v. Mottern*, No. 1:14-cv-953-YK-GS (M.D. Pa. 2014). The original complaint in that action involved distinct allegations against different defendants, but on September 2, 2014, Little tendered a third amended complaint making the same allegations presented before this Court regarding Defendants Hubbard, Middleton, and Holland. [*Mottern* R. 35 at 6, 9.] The Pennsylvania court permitted the amendment. [*Mottern*, R. 38.]

The sixteen Lewisberg defendants in that case moved to dismiss the claims against them on October 16, 2015. In doing so, they noted that, of the 668 total inmate grievances Little has filed while incarcerated by the BOP, he filed twelve between December 24, 2013, and May 19, 2014, and had only exhausted one.[2] [*Mottern*, R. 129 at 3-4.] Subsequently, the three McCreary defendants moved for dismissal on the ground that the federal court in Pennsylvania lacked personal jurisdiction over them for their actions taken in Kentucky. Little essentially conceded this when he filed a motion to transfer his claims against them to this Court. The transfer was proper, as it has long been the rule that a federal court lacks personal jurisdiction over nonresident defendants for constitutional tort claims arising from acts done outside of and unrelated to its territorial jurisdiction. *Thomas v. Ashcroft*, 470 F.3d 491 (2d Cir. 2006); *Scinto v. Federal Bureau of Prisons*, 608 F. Supp. 2d 4, 8 (D.D.C. 2009).

**B**

The Court has thoroughly reviewed the record as part of its preliminary review of Little's complaint. Upon review, the Court finds it must dismiss Little's claims with prejudice because they are time-barred—he did not file suit within the time permitted by the applicable statute of limitations. The remedy afforded in a *Bivens* action is entirely judge-made; therefore, there is no

---

[2] The single exhausted grievance related to Little's transfer to the SMU at Lewisburg.

statutory limitations period. Instead, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). The conduct giving rise to Little's claims occurred in Kentucky. Therefore, Kentucky's one-year statute of limitations for asserting personal injuries applies. *See* Ky. Rev. Stat. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) ("*Bivens* claims have a one year statute of limitations under Kentucky law."); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) (explaining why § 1983 actions in Kentucky are subject to the one-year statute of limitations set forth in Key. Rev. Stat. § 413.140(1)(a)).

Little alleges that (1) Officer Hubbard issued her false incident report against him on December 24, 2013; (2) Officer Middleton's statements to other inmates resulted in him being assaulted on December 28, 2013; (3) Warden Holland failed to act to protect him after being notified of risks to his safety in December 2013; (4) Officer Buster destroyed his appeal to the regional office on April 3, 2014; and (5) Warden Holland failed to act to assist him in exhausting his administrative remedies in May 2013.[3] Any suit filed more than one year after each of these independent claims arose would be time barred under Ky. Rev. Stat. Ann. § 413.140(1)(a). *See also Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

The running of the statute of limitations is, of course, tolled during any period of time in which Little was diligently exhausting his administrative remedies. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Little states that

---

[3] Little's statements regarding his efforts to exhaust his administrative remedies strongly suggest that the one inmate grievance he did file that is relevant to these claims related, at most, to the first two of his five claims. There is considerable doubt whether he timely or properly exhausted that one grievance, and, even if he did, it would not effectively exhaust his other claims that arise out of conduct which occurred long after he filed the grievance. At any rate, the Court does not need to consider these issues at this juncture. *See Grinter v. Knight*, 532 F.3d 567, 578 (6th Cir. 2008) (explaining that exhaustion is now an affirmative defense and "a claim may not be dismissed at the screening stage for failure to plead or attach exhibits with proof of exhaustion.").

the last day he made efforts to continue pursuing his appeal to the BOP's regional office was May 21, 2014. [R. 1 at 5.] Even if the Court assumes that Little was, in fact, diligently pursuing his administrative remedies up until that point, his complaint is still time-barred. Little filed his complaint on July 23, 2015, more than one year after he ceased to pursue his appeal. Even when affording Little the fullest measure of equitable tolling to which he could conceivably be entitled, the applicable statute of limitations bars all of his claims. Accordingly, Little's complaint should be dismissed with prejudice. *Dellis*, 257 F.3d at 511.

### III

For the foregoing reasons, and the Court being otherwise sufficiently advised, the Court hereby **ORDERS** as follows:

1. Little's motion to pay the filing fee in installments [R. 6] is **GRANTED**. 28 U.S.C. § 1915(b)(1)-(2) requires a prisoner to pay the $350.00 filing fee as set forth below:

    a. Within twenty-eight (28) days, Little must pay $83.33 to the Clerk of the Court as an initial partial filing fee. See 28 U.S.C. § 1915(b)(1)(A).

    b. The Clerk of the Court shall open an account in Little's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Little's name; (b) his inmate registration number; and (c) this case number. The Clerk shall send a copy of this Order and the Notice of Payment Form to the Warden of the institution in which Little is currently confined.

    c. After the initial partial filing fee is paid, each month Little's custodian shall send the Clerk of the Court a payment in an amount equal to twenty percent (20%) of his income for the preceding month out of his inmate trust fund account, but only if the amount in the

account exceeds $10.00.  The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid.  28 U.S.C. § 1915(b)(2).

    2.  Little's construed motion to appoint counsel [R. 3] is **DENIED**;

    3.  Little's motion to supplement his initial complaint [R. 4] is **DENIED AS MOOT**;

    4.  Little's original and amended complaints [R. 1; R. 8] are **DISMISSED WITH PREJUDICE**.

    5.  The Court will enter a judgment contemporaneously with this Order, and this matter shall be **STRICKEN** from the active docket.

This the 3rd day of December, 2015.

Gregory F. Van Tatenhove
United States District Judge